```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

JOHN PENITANI,                  )    CV 23-00121-SOM-RT
                                )
        Petitioner(s),           )
                                )    ORDER REGARDING REQUEST FOR
    vs.                          )    RELIEF
                                )
UNITED STATES PROBATION         )
OFFICE,                          )
                                )
        Respondent(s).           )
_____ )
```

**ORDER REGARDING REQUEST FOR RELIEF**

This court has examined a document submitted by John Penitani in which he appears to be complaining about how the United States Probation Office for the District of Hawaii is reacting to his requests regarding his upcoming release from FCI Sheridan in Oregon. He appears to be asking to be released on Direct Home Confinement. Upon receipt of the document, this court construed it as seeking relief under 28 U.S.C. § 2241 and opened the present civil action to address the request. It is not at all clear from the sparse record that Penitani can obtain any relief from the Probation Office. The typical § 2241 is brought against the warden of the facility at which the movant is held, but Penitani is instead taking aim at the Probation Office. If the court is incorrectly interpreting Penitani's document, Penitani should so state. If Penitani's grievance involves how FCI Sheridan is executing the sentence imposed by this court,

then Penitani should go to the court in Oregon (assuming there is no exhaustion issue or other procedural impediment to his proceeding in court), which will have jurisdiction over the warden of FCI Sheridan.

The court thinks it would be helpful for the court to outline the relevant facts as they appear to the court. Much of what the court recounts in the following paragraphs comes from the Probation Office, the very entity Penitani is complaining about. The Probation Office is, of course, part of this district court, and if Penitani continues to maintain claims against the Probation Office, this court might consider asking a judge from a different district to handle this matter. However, if, after reading the present order, Penitani no longer wishes to proceed with any claim in this district, he may so inform the court.

Penitani is invited to correct the court's understanding by submitting written clarification or explanation no later than April 5, 2023. In the meantime, the court is not setting a deadline for any filing by any respondent. Indeed, as far as the court knows, no respondent has been formally served with the petition.

Penitani's projected release date is June 25, 2024.

To the extent Penitani is requesting Direct Home Confinement for the last portion of his prison sentence, this court states that this district's Probation Office is not

involved with Direct Home Confinement within the District of Hawaii.  A person serving part of a prison sentence on Direct Home Confinement is under the jurisdiction of the Bureau of Prisons, not a court.  Direct Home Confinement may be allowed as a way of serving part of the prison term if the Bureau of Prisons decides that that is appropriate.  With Direct Home Confinement, the incarcerated individual leaves prison before his scheduled release date.  That move is typically approved by a Bureau of Prisons Residential Reentry Manager, and, in the typical situation, the individual moves to a Residential Reentry Center.  The individual can then be monitored by staff at the Residential Reentry Center until the scheduled release date.  To the dismay of the district court in Hawaii, the District of Hawaii no longer has any Residential Reentry Center.  For that reason, the above-described typical Direct Home Confinement is not occurring within the district.

      This court has read reports indicating that, in response to the COVID-19 pandemic, the Bureau of Prisons arranged for some individuals to leave prison facilities and complete their sentences in home confinement that may not have always been in Residential Reentry Centers.  This court is not aware that that occurred in the District of Hawaii.  Possibly, Penitani could ask a Residential Reentry Manager to consider placing him on Direct Home Confinement in a different district, one with a

3

Residential Reentry Center.  In any event, it is the Bureau of Prisons, not a judge of this court or this court's Probation Office, that must authorize service of part of a prison sentence on any form of home confinement.

There is a different program that involves serving part of a prison term outside of a Bureau of Prisons facility.  That is the Federal Location Monitoring request.

Federal Location Monitoring requests are relatively new and fall under an agreement between the Administrative Office of the U.S. Courts and the Bureau of Prisons.  That Agreement outlines the procedures and responsibilities for providing location monitoring and assisting in the supervision of certain federal inmates who are allowed to move from prison facilities into the community instead of completing their prison terms in Bureau of Prisons facilities.  A request to move an individual from a prison into the community under the Federal Location Monitoring program usually comes from a Bureau of Prisons Residential Reentry Manager to a Probation Office.  When a person is released on Federal Location Monitoring back into the community to serve the remainder of a prison term, that person must be on location monitoring.  Jurisdiction over the serving of that part of the prison sentence remains with the Bureau of Prisons.

The typical person on Federal Location Monitoring is designated by the Bureau of Prisons as low risk and as in the last 10 percent of a term of incarceration (with that last 10 percent not exceeding six months). A placement in Federal Location Monitoring must be for at least thirty days. How the Federal Location Monitoring program interacts with the concept of earned time credits has not yet been set forth in any provisions. In any event, it is again the Bureau of Prisons, not a Probation Office, that initiates the process by which an individual completes a prison term on Federal Location Monitoring.

Penitani appears to be seeking approval of a Supervised Release Plan. A Supervised Release Plan is something entirely different from serving part of a prison sentence in the community. A prison case manager may submit a proposed Supervised Release Plan to the Probation Office, which then studies the proposal to ensure that it includes a viable plan for the individual to reenter the community after *completing* a prison sentence. If an individual is released from prison on a Supervised Release Plan, jurisdiction over the matter moves from the Bureau of Prisons to the court. That is, a Supervised Release Plan, unlike Direct Home Confinement or Federal Location Monitoring, looks to the time when an individual has completed his prison sentence and will be on supervised release. For Penitani, that time comes after his release on June 25, 2024.

Penitani appears to have submitted a Supervised Release Plan on January 12, 2023.  The Probation Office rejected the Supervised Release Plan because it relied on Penitani's placement at a clean and sober house that could not assure space for Penitani when he was scheduled to be released nearly a year and a half later, on June 25, 2024.  Moreover, Penitani had apparently not included with his application to the clean and sober house the required deposit to hold a bed.  Penitani then resubmitted his Supervised Release Plan and provided the clean and sober house with a $200 deposit.  The clean and sober house may have agreed to hold a bed for Penitani upon his release from prison.

Penitani appears to be working through prison officials to try to be released on a Supervised Release Plan before he serves the remainder of his prison sentence, set to expire on June 25, 2024.  But service of part of prison sentence does not fall under a Supervised Release Plan.  That is, Penitani may think that his Supervised Release Plan applies to Direct Home Confinement status.  It is not clear to this court that the Bureau of Prisons has decided that the clean and sober house offers the kind of supervision appropriate for someone who is actually still serving a prison term and is on Direct Home Confinement.  The Probation Office could not identify anyone in the District of Hawaii on Direct Home Confinement status.

Finally, the court notes that Penitani complains that the Probation Office approved a Supervised Release Plan for someone who sought to stay at the same clean and sober house identified in Penitani's Supervised Release Plan. That person was scheduled to be released within the next six months following the submission of a Supervised Release Plan. Penitani's situation was distinguishable, as he has more time remaining on his prison sentence and appears to be seeking to serve that time at the clean and sober house.

To summarize, to the extent Penitani is complaining that he should be released on Direct Home Confinement before June 25, 2024, he may want to ask the Bureau of Prisons for Direct Home Confinement outside of Hawaii. To the extent he is seeking early release from prison to a clean and sober house as part of a proposed Supervised Release Plan, this court stresses that a Supervised Release Plan applies after a prison term is completed, not to a request to leave a Bureau of Prisons facility early.

Again, Penitani is invited to correct the court's understanding or to clarify or explain his position in writing no later than April 5, 2023. In the meantime, the court will take no action in this matter. The court stresses that it is not here making a final decision on the substance of Penitani's petition. Rather, the court is seeking to add clarity to the circumstances.

Penitani's § 2241 petition remains pending, and the court awaits his response, due by April 5, 2023.

It is so ordered.

DATED: Honolulu, Hawaii, March 13, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*John Penitani v. United States Probation Office*, CV. No. 22-00121-SOM-RT; ORDER REGARDING REQUEST FOR RELIEF